UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

IN RE: §
§
§
§
State Court Expunction Order Directed to §
the Federal Bureau of Investigation and § EP-13-CV-00174-DCG
United States Customs and Border §
Protection §
§
§
§

## ORDER DENYING MOTION TO QUASH

On this day, the Court considered the "Notice of Removal" (ECF No. 1) and "Motion to Quash" (ECF No. 2), filed by Respondent United States of America ("Respondent" or "United States"). Therein, Respondent seeks, pursuant to 28 U.S.C. § 1442, to remove and quash an "Order for Expunction[1] as it applies to the USA, issued in *Ex Parte Ramon Rodriguez*, now pending as Cause No. 2013DCV0006 in the 171st Judicial District Court of El Paso County, Texas" ("final order of expunction"). Notice of Removal 1, ECF No. 1.

Upon thorough review of relevant caselaw, the Court concludes that Respondent's motion raises an issue of first impression in the Fifth Circuit: whether a final order of expunction issued by a state court may be removed to a federal district court pursuant to 28 U.S.C. § 1442. Because the Court concludes it may not, the United States' Motion to Quash is denied for want of jurisdiction.

---

[1] The "final order of expunction" at issue directs a number of state and federal organizations, including the Federal Bureau of Investigation and U.S. Customs and Border Protection, to, among other things, "delete from . . . public records all . . . references to the arrest of the petitioner [Ramon Chavez Rodriguez]." *See* Notice of Removal, Ex. 1.

## ANALYSIS

28 U.S.C. § 1442 provides, in relevant part, that:

(a) A civil action or criminal prosecution that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
(1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

28 U.S.C. § 1442(a)(1)(West 2013). Respondent asserts, without citation to authority, that "28 U.S.C. § 1442 . . . explicitly permits removal of a state court judicial order [for expunction] *standing alone*". Supplemental Briefing 2, ECF No. 4 (emphasis added).

Due to the dearth of relevant caselaw addressing the issue presently considered, the Court proceeds in its analysis by applying fundamental principles of statutory interpretation. "In matters of statutory interpretation," the Fifth Circuit has established that the "duty [of a district court] is to construe a statute in a manner that is consistent with the intent of Congress as expressed in the plain meaning of its language." *Galindo v. Johnson*, 19 F. Supp. 2d 697, 700 (W.D. Tex. 1998)(citing *Sutton v. U.S.*, 819 F.2d 1289 (5th Cir. 1987)). In the present case, the Court concludes that neither: (A) the plain language of 28 U.S.C. § 1442 nor (B) the intent of Congress permit removal of a "final state court order for expunction" pursuant to 28 U.S.C. § 1442.

### A. The Plain Language of 28 U.S.C. § 1442 Does not Permit the Removal of a Final State Court Order for Expunction

The Fifth Circuit maintains that: "the appropriate starting point when interpreting any statute is its plain meaning." *Sample v. Morrison*, 406 F.3d 310, 312 (5th Cir. 2005)(quoting *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 242, 109 S.Ct. 1026, 103 L.Ed.2d 290

(1989)). "In ascertaining the plain meaning of the statute, the court must look to the particular statutory language at issue, as well as the language and design of the statute as a whole." *Id.* (citing *K Mart Corp. v. Cartier, Inc.*, 486 U.S. 281, 291, 108 S.Ct. 1811, 100 L.Ed.2d 313 (1988)). Therefore, the Court's present analysis concerning the removability of a "final order of expunction" begins with a review of the text of 28 U.S.C. § 1442.

Two phrases included in the text of 28 U.S.C. § 1442 militate against removal in the present action: (1) the statute only permits removal of "a civil action or criminal prosecution" and (2) the civil action or criminal prosecution to be removed must be "pending".

> 1. *A 'Final Order of Expunction' is not a 'Civil Action or Criminal Prosecution' Within the Meaning of 28 U.S.C. § 1442*

Section 1442 permits the removal of a "civil action or criminal prosecution". 28 U.S.C. 1442(a)(West 2013). "Civil action or criminal prosecution" is defined as follows:

> (1) The terms "civil action" and "criminal prosecution" include any proceeding (whether or not ancillary to another proceeding) to the extent that in such proceeding a judicial order, including a subpoena for testimony or documents, is sought or issued. If removal is sought for a proceeding described in the previous sentence, and there is no other basis for removal, only that proceeding may be removed to the district court.

28 U.S.C. 1442(d)(West 2013). The question presented by Respondent's present motion, therefore, is whether a "final order for expunction" can reasonably be considered a "proceeding . . . [in which] a judicial order . . . is sought or issued." *Id.*

The Court concludes that, as a logical matter, a "final order for expunction", which is a "judicial order", cannot be a "proceeding . . . [in which] a judicial order . . . is sought or issued." *Id.* Rather, a "final order for expunction" is the *end result* of a "proceeding . . . [in which] a judicial order is sought or issued." *Id.*

A plain reading of the statutory text indicates that a "final order of expunction" does not constitute a "civil action" or "criminal prosecution" within the meaning of 28 U.S.C. § 1442 and removal of such an order, standing alone, is not permitted by statute.

    2.    *Ex Parte Ramon Rodriguez* is not "Pending" Within the Meaning of 28 U.S.C. § 1442

28 U.S.C. § 1442 provides that: "A civil action or criminal prosecution . . . may be removed . . . to the district court . . . for the district and division embracing the place wherein it is *pending*". 28 U.S.C. § 1442(a)(West 2013)(emphasis added). Although 28 U.S.C. § 1442 does not explicitly define the term "pending", in the present case the state court has "heard . . . Ramon Chavez Rodriguez's . . . Petition for Expunction of Records", (2) "granted" the petition, (3) issued a "final order", (4) issued an order that "all public references to th[e] . . . proceeding" be destroyed, and (5) issued an order that "th[e] . . . Clerk shall not permit inspection of court records" regarding the expunction. Notice of Removal, Ex. 1, at 1–4. As such, there is nothing remaining for the state court to do in *Ex Parte Ramon Rodriguez* and, in no sense, can the expunction petition be considered "pending" in the 171st Judicial District Court of El Paso County, Texas.[2] Accordingly, even if the "final order for expunction" could be considered a "civil action or criminal prosecution" within the meaning of 28 U.S.C. § 1442, it would not be a "pending" "civil action or criminal prosecution" and, therefore, is not removable pursuant to 28 U.S.C. § 1442. *See* 28 U.S.C. § 1442(a)(West 2013); *see also Oviedo v. Hallbauer*, 655 F.3d 419, 422 (5th Cir. 2011)("The issue presented by this case is, at its core, a simple one: whether

---

[2] "The removing party bears the burden of establishing federal jurisdiction." *Laughlin v. Prudential Ins. Co.*, 882 F.2d 187, 190 (5th Cir. 1989)(citing *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545 (5th Cir. 1981)). In its Notice of Removal, Respondent asserts that *Ex Parte Ramon Rodriguez* is "pending" but includes no evidence to substantiate its assertion. On July 7, 2013, this Court issued an Order for Supplemental Briefing requesting that Respondent establish that *Ex Parte Ramon Rodriguez* is a "pending" state court action. *See* Order for Supplemental Briefing 3, ECF No. 3. The supplemental briefing filed in response to the Court's order fails to address this issue. *See* Supplemental Briefing, ECF No. 4. Therefore, Respondent has failed to meet its burden to establish federal jurisdiction.

the United States may, under any of the various jurisdictional statutes potentially applicable here, remove a case to federal court notwithstanding the fact that the case has completely concluded before the state court. Emphasizing the total finality of the state case here, we hold that it cannot").

### B. The Purposes of 28 U.S.C. § 1442 Are Not Served by Extending its Application to Permit Removal of Final State Court Orders for Expunction

Having concluded that the plain language of 28 U.S.C. § 1442 does not permit removal of a "final order of expunction", the Court now turns to a consideration of whether, in light of the purposes of the statute, an alternative result is mandated.[3]

The Fifth Circuit has held that: "[t]he purpose of the [federal officer] removal statute [28 U.S.C. § 1442] is to prevent [the United States of America, federal agencies,][4] federal officers or persons acting under their direction from being tried in state courts for acts done within the scope

---

[3] The United States Supreme Court, in setting forth principles to govern statutory construction, has held that "when the plain meaning [of a statute] . . . produce[s] . . . unreasonable [results] . . . 'plainly at variance with the policy of the legislation as a whole' this Court has followed that purpose, rather than the literal words." *Galindo v. Johnson*, 19 F. Supp. 2d 697, 702 (W.D. Tex. 1998)(citing *Perry v. Commerce Loan Co.*, 383 U.S. 392, 400, 86 S.Ct. 852, 15 L.Ed.2d 827 (1966)(quoting *United States v. Am. Trucking Ass'ns.*, 310 U.S. 534, 543, 60 S.Ct. 1059, 84 L.Ed. 1345 (1940))).

[4] As noted by this Court in *Lopez v. Vaquera* :

> [W]hen . . . the removal statute was enacted in 1948, . . . [28 U.S.C. § 1442] only afforded federal officers removal authority. . . However, . . . Congress amended the . . . statute to [provide removal authority to] '[t]he United States and any agency thereof.' . . . Notwithstanding the amendment, the underlying principle of Section 1442(a)(1) advances the federal interests identified by Congress [with respect to federal officials]. *See* S.R. Rep. 104-366, at 24, 1996 U.S.C.C.A.N. 4202, 4210 (1996) ("A federal forum in such cases is important since state court actions against federal agencies and officers often involve complex federal issues and federal-state conflicts."). The current removal statute continues to maintain and promote the realization that a federal forum is crucial to actions against the United States, as well as its federal officers and agencies.

*Lopez v. Vaquera*, EP-12-CV-00427-DCG, 2013 WL 623567 (W.D. Tex. Feb. 19, 2013).

of their federal employment." *Peterson v. Blue Cross/Blue Shield of Texas*, 508 F.2d 55, 58 (5th Cir. 1975).

Permitting removal of an order for expunction, as requested by Respondent, does not serve the purposes of the statute. An order for expunction, standing alone, does not initiate a state court action against the United States, any federal agency, or any federal officer. Despite the fact that an order for expunction may *result* in an action against the United States, a federal agency, or a federal officer should contempt proceedings be initiated, the "Fifth Circuit[5] [generally][6] . . . ban[s] . . . removal at th[is] . . . initial stage."[7] *Nationwide Investors v. Miller*, 793 F.2d 1044, 1047 (9th Cir. 1986).

---

[5] *Miller*'s commentary on Fifth Circuit precedent concerned the propriety of removing a garnishment proceeding commenced against the United States, not a 'final order of expunction.' However, as noted in *Brown v. Williamson Tobacco Corp. v. Williams*, 62 F.3d 408 (D.C. Cir. 1995), like 'final orders of expunction', garnishment proceedings are not "generally thought [to be] paradigm 'civil actions' or 'criminal prosecutions' [that] can be removed under § 1442(a)." *Id.* at 414. Therefore, *Miller*'s discussion is analogous to the present inquiry. *See id.*:

> The circuits that have considered whether proceedings not generally thought paradigm "civil actions" or "criminal prosecutions" can be removed under § 1442(a) have not been uniform in their approach. Garnishment proceedings, for example, have been held removable by the Ninth Circuit, *see Nationwide Investors v. Miller*, 793 F.2d 1044, 1046 (9th Cir.1986), but the Fifth Circuit came to the opposite conclusion, *see Hexamer v. Foreness*, 981 F.2d 821, 823 (5th Cir.1993).

[6] Following the Court's decision in *Miller*, the Fifth Circuit found an exception to this general principle due to a "peculiarity of Louisiana law" which permits a state court judge to issue contempt sanctions without issuing an "order to show cause" or holding a hearing on the matter; Texas' state court judges are not imbued with such authority and, therefore, the *Sparks* exception is inapplicable in the present action. *See State of La. v. Sparks*, 978 F.2d 226 (5th Cir. 1992):

> We caution, however, that our liberal construction of § 1442(a) is actually limited to a narrow set of circumstances-namely, . . . a peculiarity of Louisiana law, which provides for no meaningful delay between a party or witness' refusal to comply with a subpoena and the state court's right to hold the party or witness in contempt. Because Louisiana law requires no significant time lag that permits a subpoenaed federal officer facing the prospect of a contempt citation to remove to federal court, we believe that the mere issuance of a Louisiana state court subpoena to a federal officer . . . triggers § 1442(a).

*Id.* at 232-33.

Should an action for contempt actually be initiated against the United States, a federal agency, or a federal official for failure to comply with a "final order of expunction", it is beyond dispute that 28 U.S.C. § 1442 would permit removal of that action to federal court so as to prevent the federal entity from being tried in state court. *Id.* (citing *Swett v. Schenk*, 792 F.2d 1447, 1451 (9th Cir. 1986))("[t]here is no question that contempt proceedings initiated in state court against federal officials . . . are removable pursuant to 28 U.S.C. § 1442"). Therefore, removal of a "final order of expunction" is unnecessary "to prevent [the United States, its agencies, or] federal officers . . . from being tried in state courts"— the stated purpose of 28 U.S.C. § 1442. *Peterson*, 508 F.2d at 58. As such, the purposes of 28 U.S.C. § 1442 do not

---

[7] The reasoning that gave rise to the Fifth Circuit's general ban is also discussed in *Miller*:

> The rationale behind barring removal in these cases is that the United States is a mere stakeholder whose substantive obligations remain the same in the state and federal courts. Because the government has nothing at stake . . . the argument goes, disposition of the case in state court does not interfere with the actions of a federal official or the operations of the federal government . . . If the government chooses to ignore the state court summons, the plaintiff in the state court action will then be forced to sue the government directly. At that point, the government will be a defendant in a "civil action" and under the literal terms of § 1442(a)(1) will be able to remove . . . The Fifth Circuit holding in *Murray* is deceptively simple: it prohibits removal when the government has nothing at stake.

*Nationwide Investors v. Miller*, 793 F.2d 1044, 1046 (9th Cir. 1986)(citing *Murray v. Murray*, 621 F.2d 103, 106-8 (5th Cir.1980)).

The rationale for barring removal of garnishment proceedings discussed in *Miller* is applicable to the Court's current consideration of a state court order for expunction. Prior to the initiation of contempt proceedings, the federal government has 'nothing to lose' as a result of the state court's order for expunction; it is invalid and cannot be enforced against any federal entity because the rendering court lacked jurisdiction to issue such an order. *See, e.g., In re: W.L,* 1999 WL 33878, at *5 (N.D. Ill. Jan. 19, 1999)(holding that a state court lacked jurisdiction to order a federal agency to expunge its records). Should contempt proceedings be initiated, however, the government may be subject to contempt sanctions and, therefore, would have 'something at stake' rendering removal to federal court appropriate.

The above-described rationale also explains the exception recognized in *Sparks*. In *Sparks*, the government had 'something at stake' the moment the state court order was issued because the judge of the rendering court was authorized by statute to issue contempt sanctions immediately, even prior to the formal initiation of contempt proceedings.

demand a result contrary to the plain meaning of the statute, which does not permit removal of a final state court order for expunction, standing alone.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that the "Motion to Quash" (ECF No. 2), filed by Respondent United States of America is **DENIED.**

**IT IS FURTHER ORDERED THAT** all pending motions, if any, are **DENIED AS MOOT,** and that the Clerk **SHALL CLOSE** the case.

So ORDERED and SIGNED this 3rd day of Sept, 2013

_____
DAVID C. GUADERRAMA
UNITED STATES DISTRICT JUDGE